**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-2013-MWB |
| vs. | **ORDER REGARDING MAGISTRATE'S AMENDED REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO DISMISS** |
| DAVID MATTHEW HOWELL, | |
| Defendant. | |

———————————

**TABLE OF CONTENTS**

*I.* ***INTRODUCTION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A.* ***Procedural Background*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B.* ***Factual Background*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.* ***LEGAL ANALYSIS*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *A.* ***Standard Of Review*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *B.* ***SORNA Background*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
   *C.* ***Objections To Amended Report and Recommendation*** . . . . . . . . . . . 13
      *1.* ***Defendant's actions*** . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
      *2.* ***Violation of the Nondelegation doctrine*** . . . . . . . . . . . . . 14
      *3.* ***Violation of the Commerce Clause*** . . . . . . . . . . . . . . . . . 16
      *4.* ***Due Process Violation*** . . . . . . . . . . . . . . . . . . . . . . . . . 18
      *5.* ***Ex Post Facto Clause Violation*** . . . . . . . . . . . . . . . . . . . 19

*III.* ***CONCLUSION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# I. INTRODUCTION

## A. Procedural Background

In a superseding indictment returned on August 30, 2007, defendant David Matthew Howell is charged with having knowingly failed to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Defendant Howell filed a motion to dismiss the superseding indictment. In his motion, defendant Howell contends that the indictment should be dismissed, arguing: that SORNA does not apply to the conduct described in Count I because he was convicted of a sex offense prior to SORNA's enactment and that his interstate travel occurred prior to the date the United States Attorney General issued an interim rule, pursuant to 42 U.S.C. § 16913(d); that application of 18 U.S.C. § 2250 to him would violate the *Ex Post Facto* Clause of the Constitution; that Congress impermissibly delegated legislative power to the Attorney General in 42 U.S.C. § 16913(d); that application of 18 U.S.C. § 2250 to him would violate his right to due process; and, that SORNA's registration requirements and criminal penalties constitute an invalid exercise of congressional authority under the Commerce Clause. Defendant Howell also argues venue is improper in this court as to Count 2 of the Superseding Indictment. The government filed a timely resistance to defendant Howell's motion.

Defendant Howell's motion to dismiss were referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss has filed an Amended Report and Recommendation in which he recommends that defendant Howell's motion to dismiss be denied. Judge Zoss concluded that SORNA did not apply to persons with pre-SORNA convictions until the United States Attorney General issued an interim rule, pursuant to 42 U.S.C. § 16913(d). Judge Zoss further concluded that his decision that that SORNA did not apply to Howell until the date of the interim rule, February 28,

2007, did not mandate the dismissal of Count 1 of the Superseding Indictment because Count 1 charges Howell with conduct that both predates and postdates issuance of the interim rule. Thus, Judge Zoss concluded that any defect surrounding the time frame of Howell's alleged violation of SORNA can be remedied by a bill of particulars. Judge Zoss further reasoned that application of 18 U.S.C. § 2250 to Howell's conduct predating the interim rule would constitute an unconstitutional *ex post facto* application of the law. Nonetheless, Judge Zoss found that any *ex post facto* violation could be remedied by a bill of particulars, and/or by limiting the Government's proof to Howell's conduct that occurred after issuance of the interim rule. As such, Judge Zoss concluded that dismissal of Count 1 was not an appropriate remedy and recommended denial of that portion of defendant Howell's motion. Judge Zoss further found that Congress's delegation of authority to the United States Attorney General in 42 U.S.C. § 16913(d) was not a violation of the nondelegation doctrine and recommended rejecting defendant Howell's arguments on this ground for dismissal. Judge Zoss also concluded that application of SORNA's penalty provision to Howell did not violate due process. In addition, Judge Zoss concluded that the ability to track sex offenders as they move from state to state, and continue to identify these sex offenders in their new residences, was a valid exercise of Congressional authority under the Commerce Clause and recommended denying defendant Howell's arguments on this ground for dismissal. Finally, although Judge Zoss found that a violation of SORNA is not a continuing offense, he nevertheless concluded that a defendant could be prosecuted either in the state from which he moved, or in the state to which he moved and that the question of venue in this case should be denied pretrial and that proper venue was to be an element which the government would be required to prove

at trial. Therefore, Judge Zoss recommended that defendant Howell's motion to dismiss Count 2 on the basis of improper venue was premature and should also be denied.[1]

Defendant Howell has filed objections to Judge Zoss's Amended Report and Recommendation. The prosecution has also filed objections to some of the legal conclusions made in Judge Zoss's Amended Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Howell's motion to dismiss.

## B. Factual Background

In his Amended Report and Recommendation, Judge Zoss made the following findings of fact or assumed such facts to be true for the sole purpose of determining defendant Howell's motion:

> On December 28, 1987, a Michigan state court sentenced Howell to serve three to fifteen years in prison after he pled guilty to one count of third degree criminal sexual conduct in violation of Michigan law. Pursuant to Michigan's Sex Offenders Registration Act, Michigan Compiled Laws § 28.721 *et seq.*, Howell's registration as a convicted sex offender was to be accomplished prior to December 31, 1995, by the Michigan Department of Corrections. *See* Mich. Comp. Laws § 28.724(2)(c). Howell states his initial registration was completed on November 10, 1995, while he was incarcerated in Michigan. *See* Doc. No. 18-2 at 3. The Michigan Act contains additional requirements for Howell's

---

[1] Neither party has filed objections to this portion of Judge Zoss's Amended Report and Recommendation and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** this portion of Judge Zoss's Amended Report and Recommendation and **denies** this portion of defendant Howell's motion to dismiss.

registration as a convicted sex offender both before and after his release from prison. Among other things, pursuant to the Act, Howell was required to keep his registration current for the longer of twenty-five years after his initial registration date or ten years after his release from prison. Mich. Comp. Laws § 28.725(7). In addition, the Act required Howell to notify the State at least ten days before moving to another State, whereupon the State of Michigan would promptly notify the appropriate authorities in Howell's new state of domicile or residence. Mich. Comp. Laws § 28.725(4).

Howell's sentence was discharged on August 2, 2002. According to Howell, he completed and signed a registration form in Michigan on August 9, 2005, "apparently in connection with a conviction for failure to register, habitual offender/second offense[.]" Doc. No. 18-2 at 3. However, it appears Howell did not enter a guilty plea to the charge until August 25, 2005. *See* Doc. No. 2-4, ¶ 2, in 07mj154 (Affidavit in support of Criminal Complaint). According to the Government, Howell absconded from supervision in Michigan on September 6, 2005. *Id*. Also according to the Government, a Michigan warrant was issued for Howell's arrest "for violating the terms of his probation by failing to register as a sex offender in Michigan." *Id*.

At some point after SORNA's enactment on July 27, 2006, Howell moved to the State of Iowa, but he failed to notify Michigan authorities as required by Michigan law, and he also failed to register as a convicted sex offender as required by Iowa law. *See* Iowa Code §§ 692A.1 *et seq*. On May 24, 2007, law enforcement in Oelwein, Iowa, responded to a domestic disturbance call at a residence. Though not a party to the disturbance, Howell was present at the scene. According to the Government, Howell told officers he had been living in Oelwein since January 2007. Officers ran a warrant check and discovered an outstanding Michigan warrant for Howell's arrest for failure to comply with the Michigan

Sex Offenders Registration Act. When officers asked Howell if he had registered in Iowa, Howell allegedly responded that he had tried to register but was told he did not need to do so. He also allegedly "claimed he actually lived in Texas, and that he had registered in Texas as a sex offender. Howell later said he was a truck driver, and because of this job, he was registered as a sex offender in Texas, Michigan, Missouri and Arkansas." Doc. No. 2-4 in 07mj154, ¶ 4. Howell was arrested and transported to the Fayette County, Iowa, jail. The State of Michigan apparently was unwilling to extradite Howell on the outstanding warrant, *see* Doc. No. 18-2 at 4, and Howell was released from custody on June 5, 2007. The same day, Howell registered as a sex offender with the State of Iowa.

On June 28, 2007, a sealed Criminal Complaint was filed against Howell alleging he had failed to register as a sex offender as required by the federal Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.*, and citing the applicable penalty provision, 18 U.S.C. § 2250. A warrant was issued for Howell's arrest on the Complaint. On July 9, 2007, a Trial Information was filed in Fayette County, Iowa, charging Howell in the state court with failure to register as required by Iowa law. Howell was arrested on the federal warrant on July 13, 2007, in the Southern District of Texas. On July 16, 2007, Howell made an initial appearance in the Southern District of Texas. He waived an identity and detention hearing, and was transferred to the Northern District of Iowa.

On July 18, 2007, the grand jury returned an Indictment charging Howell with one count of knowingly failing to register and update his registration as a sex offender as required by SORNA "[b]etween about January 2007 and continuing through at least May 24, 2007." Doc. No. 1. Howell made his initial appearance in this court and was arraigned on the Indictment on August 7, 2007. On August

30, 2007, the grand jury returned a Superseding Indictment that added a second charge of knowingly failing to register and update his registration as a sex offender as required by SORNA "[b]etween about June 6, 2007 and about July 13, 2007[.]" Doc. No. 12. Howell was arraigned on the Superseding Indictment on September 5, 2007.

After receiving an extension of time to file pretrial motions, *see* Doc. No. 16, Howell filed the instant motion to dismiss the Superseding Indictment on October 1, 2007. Howell's motion focuses on the constitutionality of SORNA as applied to sex offenders with convictions predating the statute's enactment, as well as proper venue for the prosecution of Count 2 of the Superseding Indictment.

. . .In addition, solely for purposes of Howell's motion to dismiss, the court will assume Howell failed to notify the State of Michigan when he moved to Iowa; he failed to register in Iowa prior to June 5, 2007; he was arrested in Texas on July 13, 2007; and he did not register as a sex offender in Texas at any time prior to his arrest.

Amended Report and Recommendation at 1-4. Upon review of the record, the court adopts all of Judge Zoss's factual findings solely for the purposes of defendant Howell's motion to dismiss.

## II. LEGAL ANALYSIS

### A. Standard Of Review

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.
> The judge may also receive further evidence or recommit the
> matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements);

N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge

but not articulating any standards to review the magistrate judge's report and

recommendation). While examining these statutory standards, the United States Supreme

Court explained:

> Any party that desires plenary consideration by the Article III
> judge of any issue need only ask. Moreover, while the statute
> does not require the judge to review an issue *de novo* if no
> objections are filed, it does not preclude further review by the
> district judge, *sua sponte* or at the request of a party, under a
> *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any

issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files

an objection to the magistrate judge's report and recommendation, however, the district

court *must* "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). In the absence of an objection, the district court is not required "to give any

more consideration to the magistrate's report than the court considers appropriate."

*Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court

to make an "independent review" of the entire matter. *Salve Regina College v. Russell*,

499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form

of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004)

8

(noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356,

1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even

10

if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[2]

---

[2] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's
(continued...)

As noted above, defendant Howell and the prosecution have each filed objections to Judge Zoss's Amended Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Howell's motion to dismiss.

---

[2](...continued)
factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

### B.  SORNA Background

SORNA, which is part of the Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109-248, was enacted on July 27, 2006. SORNA requires states to maintain a database of sex offenders. 42 U.S.C. § 16912. SORNA also requires sex offenders to register and make periodic updates to their information in the database. 42 U.S.C. § 16913. Sex offenders must register before completing a sentence of imprisonment, or within 3 days after being sentenced to a term that does not include confinement. 42 U.S.C. § 16913(b). Sex offenders who fail to update their information may be fined and imprisoned for up to ten years. 18 U.S.C. § 2250. Congress did not expressly make SORNA retroactive to those sex offender who were convicted of sex offenses before July 27, 2006, but instead delegated this authority to the Attorney General. 42 U.S.C. § 16913(d). On February 28, 2007, the United States Attorney General promulgated an interim rule declaring SORNA retroactive to those sex offenders who had sex offense convictions predating SORNA's enactment.[3]

### C.  Objections To Amended Report and Recommendation

### 1.    Defendant's actions

Defendant Howell objects to "the conclusion that, after traveling in interstate commerce, 'he thereafter failed to register or update his registration as a sex offender' . . .to the extent that conceding these facts would concede the propriety or constitutionality

---

[3]Under SORNA, a "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). SORNA defines a "sex offense" to be "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(I).

of the pending charges." Defendant's Objections at 2. Because both counts of the Superseding Indictment allege precisely these facts, the court will, solely for the purposes of considering defendant Howell's motion to dismiss, assume them to be true. Therefore, this objection to Judge Zoss's Amended Report and Recommendation is overruled.

### 2. *Violation of the Nondelegation doctrine*

Defendant Howell objects to Judge Zoss's conclusion that Congress's delegation of authority to the United States Attorney General in 42 U.S.C. § 16913(d) was not a violation of the nondelegation doctrine. Defendant Howell, however, does not specify what the basis is for his objection. Instead, defendant Howell merely refers the court to that portion of his brief filed in support of his motion pertaining to his arguments on this point.

"The nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of Government." *United States v. Mistretta*, 488 U.S. 361, 371 (1989). Article 1, Section 1 of the United States Constitution provides in pertinent part that: "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." U.S. CONST. art. I, § 1. This section, commonly referred to as the nondelegation doctrine, does not prohibit Congress from obtaining assistance from other branches of the Government. *See Mistretta*, 488 U.S. at 372. "In determining what [Congress] may do when seeking assistance from another branch, the extent and character of that assistance must be fixed according to common sense and the inherent necessities of the government coordination." *Id.* at 372 (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)). "So long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is to conform, such legislative action is not a forbidden delegation of legislative power.'" *Id.* As such, the delegation of authority to another branch of

government is proper provided that Congress clearly delineates the general policy, the public agency to which the authority has been given, and the limits of that authority. *Id.* at 372-373. The United States Supreme Court has only twice found violations of the nondelegation doctrine, in *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935) and *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935). *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 474 (2001).

With respect to SORNA, Congress clearly set forth its purpose in 42 U.S.C. § 16901, namely to establish a comprehensive national registry of sex offenders for the protection of the public. Moreover, the authority granted to the Attorney General in 42 U.S.C. § 16913(d) is circumscribed to a prescribed set of circumstances concerning the retroactive applicability of SORNA's registration requirements. Defendant Howell's claim that Congress unconstitutionally delegated legislative authority to the Attorney General has not yet been addressed by the Eighth Circuit Court of Appeals or any of her sister appellate courts, but has been addressed by a number of United States District Courts, all of which have uniformly rejected the claim. *See United States v. Samuels,* No. 07-62-DLB, 2008 WL 169792, at *9 (ED. Ky. Jan. 17, 2008); *United States v. LeTourneau*, No. B-07-855, 2008 WL 112105, at *6 (S.D. Tex. Jan. 6, 2008); *United States v. Gould*, ---F. Supp.2d---, 2007 WL 4371418, at *5 (D. Md. Dec. 13, 2007); *United States v. Gill*, 520 F. Supp. 2d 1341, 1349 (D. Utah 2007); *United States v. Lovejoy*, 516 F. Supp.2d 1032, 1035 (D.N.D. 2007); *United States v. Mason*, 510 F. Supp.2d 923, 927-28 (M.D. Fla. 2007); *United States v. Hinen*, 487 F. Supp.2d 747, 753 (W.D.Va. 2007); *United States v. Madera*, 474 F. Supp.2d 1257, 1261 (M.D. Fla. 2007); *United States v. Pitts*, No. 07-157-A, 2007 WL 3353423, at *7-8 (MD. La. Nov. 7, 2007); *United States v. Kelton*, No. 5:07-cr-030-Oc-10GRJ, 2007 WL 2572204, at *1 (M.D. Fla. Sept. 5, 2007); *United States v. Sawn*, No. 6:07-cr-020, 2007 WL 2344980, at *3 (W.D. Va. Aug. 15, 2007); *United*

*States v. Gonzales*, No. 5:07-cf-27-RJ, 2007 WL 2298004, at *11 (N.D. Fla. Aug. 9, 2007).

The court finds the sound reasoning of these federal district court decisions on this issue to be persuasive and agrees with their holding that Congress did not violate the nondelegation doctrine of the Constitution by giving the Attorney General authority under 42 U.S.C. § 16913(d). Therefore, this objection is overruled.

### 3. *Violation of the Commerce Clause*

Defendant Howell also objects to Judge Zoss's conclusion that SORNA's registration requirements and criminal provisions constitute permissible exercises of Congressional authority under the Commerce Clause. Again, defendant Howell does not specify the basis for his objections but instead directs the court's attention to that portion of his brief filed in support of his motion pertaining to his arguments on the Commerce Clause.

Article I, Section 8 of the Constitution authorizes Congress "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. "The standard of commerce clause review is narrow and deferential," since "the Commerce Clause is a grant of plenary authority to Congress." *United States v. Kenney*, 91 F.3d 884, 887 (7th Cir. 1996) (citing *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 276 (1981)). As a consequence, reviewing federal courts must only look to see "whether Congress could have had a rational basis for utilizing its Commerce Clause powers and to ensure that the regulatory means chosen were 'reasonably adapted to the end permitted by the Constitution.'" *Id.* (quoting *Hodel*, 452 U.S. at 276). Reviewing courts must ultimately determine whether Congress exceeded its constitutionally enumerated powers in enacting the statute at issue. *Id.*

The United States Supreme Court has observed that the Commerce Clause encompasses three broad categories of activity that Congress may regulate: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and (3) "activities having a substantial relation to interstate commerce, i.e. those activities that substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558- 59 (1995) (citations omitted). In its passage of SORNA, Congress clearly attempted to provide an improved system for tracking the interstate movements of sex offenders. It is clear that Congress was aware of the limits of its power in its passage of SORNA because it specifically included the jurisdictional element of interstate travel. As such, Congress allowed for the prosecution of only those sex offenders traveling in interstate commerce. Congress's authority to regulate interstate commerce and those persons engaged in interstate travel is sufficient to support the enactment of 18 U.S.C. § 2250. The court notes that several United States District Courts have rejected precisely such Commerce Clause attacks on SORNA's provisions. *See Mason*, 510 F. Supp.2d at 931-32; *Madera*, 474 F. Supp.2d at 1266; *United States v.. Ambert*, No. 4:07-CR-053-SPM, 2007 WL 2949476, at *4 (N.D. Fla., Oct. 10, 2007); *Gonzales*, No. 5:07cr27-RS, 2007 WL 2298004, at *9; *United States v. Muzio*, No. 4:07CR179 CDP, 2007 WL 2159462, at *7 (E.D. Mo. July 26, 2007);*United States v. Templeton*, No. CR-06-291-M, 2007 WL 445481, at *3, *4 (W.D. Okla. Feb. 7, 2007). Thus, the court concludes that Congress acted within its power under the Commerce Clause in enacting SORNA and that defendant Howell's objections to this portion of Judge Zoss's Amended Report and Recommendation are overruled.

### 4.    *Due Process Violation*

Defendant Howell further objects to Judge Zoss's conclusion that application of SORNA's penalty provision to him does not violate due process.  Other than directing the court's attention to that portion of his brief filed in support of his motion  pertaining to his Due Process arguments, defendant Howell has not specified the basis for his objection.

Here it undisputed, for the purposes of defendant Howell's motion to dismiss, that the laws of the State of Michigan, both before and after the enactment of SORNA, required defendant Howell to register as a sex offender.  Defendant Howell registered as a sex offender with the State of Michigan, and he registered as a sex offender there.  Moreover, there is no dispute that under the laws of Iowa, the facts alleged in the indictment give rise to a duty for a sex offender such as defendant Howell to register with the state.  Defendant Howell, therefore, had sufficient notice that a failure to register was illegal, particularly since  "Defendant is presumed to know the law."  *United States v. Sax*, 39 F.3d 1380, 1390 (7th Cir. 1994).  Based on the facts contained in the superseding indictment, SORNA did not impose any new obligations upon defendant Howell.

In rejecting an identical argument to that raised by defendant Howell here, that he was denied due process because he received no notification of SORNA's requirements, the Honorable Norman Moon cogently observed:

> This amounts to a claim that ignorance of the law excuses non-compliance.  Unsurprisingly, Defendant cites no authority for this proposition, which is at odds with centuries of Anglo-American jurisprudence. Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so. Owners of firearms, doctors who prescribe narcotics, and purchasers of dyed diesel are all expected keep themselves abreast of changes in the law which affect them, especially because such people are on notice that their

activities are subject to regulation. *See, e.g. United States v. Mitchell*, 209 F.3d 319, 322 (4th Cir. 2000) (knowledge that firearm ownership was prohibited not necessary to sustain conviction under 18 U.S.C. § 922(g)). Sex offenders are no different; they must comply with the law even when it changes suddenly and without notice, and they are well advised to periodically check for changes because they are particularly subject to regulation.

*United States v. Roberts*, No. 6:07-CR-70031, 2007 WL 2155750, at *2 (W.D. Va. July 27, 2007). The court concurs with this reasoning and concludes that application of SORNA to defendant Howell does not violate the Due Process Clause of the Fifth Amendment. Therefore, this objection is also overruled.

### 5. *Ex Post Facto Clause Violation*

Both defendant Howell and the government have lodged objections to that portion of Judge Zoss's Amended Report and Recommendation in which he discussed Howell's assertion that application of SORNA to him constituted a violation of the *Ex Post Facto* Clause. Judge Zoss found SORNA was effective as to all convicted sex offenders as of the date of its enactment, July 27, 2006, but that application of SORNA to Howell's conduct that pre-dated the interim rule's enactment, February 28, 2007, would constitute an unconstitutional *ex post facto* application of the law. Rather than recommend the dismissal of Count 1, Judge Zoss concluded that any *ex post facto* violation could be remedied by a bill of particulars and by limiting the government's evidence to Howell's conduct that occurred after the issuance of the interim rule. The government indicates in its objection that it has no evidence that defendant Howell traveled to Iowa after February 28, 2007, but asserts that the court should reject that portion of Judge Zoss's Amended Report and Recommendation in which he concluded that application of SORNA to Howell's conduct that pre-dated the interim rule's enactment would violate the *ex post*

*facto* Clause. Defendant Howell contends that in light of the government's concession that it has no evidence that defendant Howell traveled to Iowa after February 28, 2007, a bill of particulars will serve no purpose as to Count 1 and that dismissal of Count 1 is the only proper resolution.

The *Ex Post Facto* Clause, Article I, Section 9, subsection (3) of the United States Constitution, declares: "No Bill of Attainder or ex post facto Law shall be passed." U.S. CONST. art. I, § 9, cl. 3. The *ex post facto* Clause prohibits Congress from enacting any law which "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28-31 (1981). In *Lynce v. Mathis*, 519 U.S. 433 (1997), the United States Supreme Court instructed that:

> To fall within the ex post facto prohibition, a law must be retrospective-that is, "it must apply to events occurring before its enactment"-and it "must disadvantage the offender affected by it," [*Weaver v. Graham*], at 29, 101 S. Ct., at 964, by altering the definition of criminal conduct or increasing the punishment for the crime, *see Collins v. Youngblood*, 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L. Ed.2d 30 (1990).

*Id.* at 441.

The violation of SORNA charged here requires proof of interstate travel plus failure to register or update a sex offender registration. 18 U.S.C. § 2250(a)(2)(B) and (a)(3); *see Muzio*, No. 4:07CR179 CDP, 2007 WL 2159462, at *5. Here, defendant Howell's alleged conduct, his travel to Iowa and failure to register or update his sex offender registration, occurred prior to the effective date of the interim rule. Moreover, the law also obviously disadvantages him. It is important to note § 2250 dramatically increases the penalty for his interstate travel and failure to register or keep his registration current. Prior to SORNA's passage, defendant Howell's failure to register in Iowa as a sex offender

is punishable as a serious misdemeanor for a first offense, carrying a maximum jail sentence of up to one year, and a Class D felony for a second or subsequent offense, carrying a maximum sentence of imprisonment of five years. *See* Iowa Code § 692A.7(1). Under SORNA's penalty provision, Howell's failure to register and update his registration as required could subject him to imprisonment for up to ten years. 18 U.S.C. § 2250(a).

There are, as of yet, no federal appellate court decisions deciding this issue. As one would expect, the issue has been addressed by a plethora of federal district courts. The federal district courts are sharply divided on the issue. *Compare, e.g.*, *United States v. Gill*, 520 F. Supp. 2d at 1349 (holding that conviction under SORNA would violate *ex post facto* clause where defendant's interstate travel occurred before interim rule); *United States v. Stinson*, 507 F. Supp. 2d 560, 568-89 (S.D. W. Va. 2007) (same);*United States v. Kapp*, 487 F. Supp 536 (M.D. Pa. 2007) (same); *United States v. Smith*, 481 F. Supp. 2d 846 (E.D. Mich. 2007); *United States v. Patterson*, No. 8:07CR159, 2007 WL 3376732, at *2 (D. Neb. Nov. 8, 2007) (same); *Muzio*, No. 4:07CR179 CDP, 2007 WL 2159462, at *5 (same); *United States v. Wilson*, No. 2:06-cr-867 TC, 2007 WL 3046290, at *1 (D. Utah Oct. 16, 2007) (same); *United States v. Cole*, No. 07-cr-30062-DRH, 2007 WL 2714111, at *4-5 (S.D. Ill. Sept. 17, 2007) (same); *United States v. Deese*, No. CR-07-167-L, 2007 WL 2778362, at *4 (W.D. Okla. Sept. 21, 2007) (same); *and United States v. Heriot*, Cr. No. 3:07-323, 2007 WL 2199516, at *2 (D.S.C. July 27, 2007) (same), *with Lovejoy*, 516 F. Supp.2d at 1038 (holding that application of SORNA would not violate *ex post facto* clause) *Mason*, 510 F. Supp.2d at 927-28 (same); *Hinen*, 487 F. Supp. 2d at 756-57 (same); *Madera*, 474 F. Supp. 2d at 1263-64 (same); *Samuels,* No. 07-62-DLB, 2008 WL 169792, at *7 (same); *United States v. Dixon*, No. 3:07-CR-72(01) RM, 2007 WL 4553720, at *3 (N.D. Ind. Dec. 18, 2007) (same); *United States v. Gould,*

No. WDQ-07-0359, 2007 WL 4371418, at *7 (D. Md. Dec. 13, 2007) (same); *United States v. Elliott*, No. 07-14059-CR, 2007 WL 4365599, at *6-7 (S.D. Fla. Dec. 13, 2007) (same); *Pitts*, No. 07-157-A, 2007 WL 3353423, at *6 (same); *United States v. May*, No. 4:07-cr-00164-JEG, 2007 WL 2790388, at *4-5 (S.D. Iowa Sept. 24, 2007) (same); *United States v. Kelton*, No. 5:07-cr-30-Oc-10GRJ, 2007 WL 2572204, at *1 (M.D. Fla. Sept. 5, 2007) (same); *United States v. Bennett*, No. 07CR20040, 2007 WL 2461696, at *1 (W.D. ark. Aug. 27, 2007) (same); *United States v. Torres*, No. 07-50035, 2007 WL 2343884, at *1-2 (W.D. Ark. Aug. 15, 2007) (same); *United States v. Hulen*, No. 07-30004, 2007 WL 2343885, at *1 (W.D. Ark. Aug. 15, 2007) (same); *United States v. Sawn*, No. 6:07cr00020, 2007 WL 2344980, at *2 (W.D. Va. Aug. 15, 2007) (same); *United States v. Gonzales*, No. 5:07cr27-RS, 2007 WL 2298004, at *10 (N.D. Fla. Aug. 9, 2007) (same); *and*, *United States v. Templeton*, No. CR-06-291-M, 2007 WL 445481, at *5 (W.D. Okla. Feb. 7, 2007) (same).

It should come as no surprise then that both defendant Howell and the prosecution rely on those particular district court decisions supporting their respective positions. The undersigned has read, and has carefully considered, these divergent opinions as to whether or not the *Ex Post Facto* Clause applies to defendant Howell's situation. The undersigned concludes that the better and more persuasive reasoning is found in those cases which hold that the prosecution of a defendant, in position like defendant Howell in this matter, violates the *Ex Post Facto* Clause. The prosecution directs the court's attention to that line of authorities exemplified by *Hinen*, 487 F. Supp. 2d at 756-57, and their reliance on their interpretation of the United States Supreme Court decision in *Smith v. Doe*, 538 U.S. 84 (2003). In *Smith*, 538 U.S. 84, the Court held that the registration requirements of the Alaska Sex Offender Registration Act were nonpunitive in nature, and that, therefore, the registration requirement contained in that act could be validly applied retroactively to

require sex offenders to register who had completed their term of imprisonment prior to the effective date of the act without violating the *ex post facto* Clause. *Id*. at 105-06. However, the *Smith* decision does not address the specific issue presented by this case. Rather, *Smith* pertained solely to the constitutionality of the registration requirements of the Alaska Sex Offender Registration Act, and whether or not the registration requirements could be retroactively applied. Although the Court noted that the Alaska Act had criminal penalties for the failure to register, the constitutionality of those criminal penalties was not an issue before the Court. The John Doe in *Smith*, unlike defendant Howell, was not the subject of a criminal prosecution. In an explicit recognition of that fact, the Court observed:

> A sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, but any prosecution is a proceeding separate from the individual's original offense. Whether other constitutional objections can be raised to a mandatory reporting requirement, and how those questions might be resolved, are concerns beyond the scope of this opinion.

*Id*. at 101-02.

Thus, the Court in *Smith* clearly was not addressing the issue presented here and, indeed, recognized that the issue presented in this case was "beyond the scope of" its decision in *Smith*. The court notes that those decisions which rely on *Smith* to resolve the *ex post facto* issue in prosecutions under SORNA do not adequately recognize, nor even address, this clear statement in the *Smith* decision. Rather, the cases on which the prosecution relies reach their result only by ignoring this clear language in *Smith*.

This limitation in *Smith* has been recognized by several courts. *See Stinson*, 507 F. Supp.2d at 565; *Muzio*, No. 4:07CR179 CDP, 2007 WL 2159462, at *6-7. The court finds these decisions to be the most logical and persuasive. The factual situation in this

case is precisely the same as that in *Muzio*. In *Muzio*, the defendant, like defendant Howell here, was convicted of a sex offense prior to SORNA's enactment, but traveled in interstate commerce between the date of SORNA's enactment and the date of the interim rule. Muzio moved to dismiss the indictment, raising many of the issues that have been raised here. The district court found that the indictment must be dismissed because application of SORNA to him violated the *Ex Post Facto* Clause. *Muzio*, No. 4:07CR179 CDP, 2007 WL 2159462 at *1. In *Muzio*, the Honorable Catherine Perry concluded that a "gap" situation precisely like the one found here is "a classic Ex Post Facto Clause violation." *Id.* at *5. Section 2250 provides, in pertinent part, that a sex offender who "travels in interstate or foreign commerce" and "knowingly fails to register or update a registration" violates § 2250. Clearly, Congress, in enacting § 2250, used the present tense "travels" rather than the past-tense "traveled" or past-participle "has traveled". Although Congress could have chosen to use the past-tense "traveled" or the past-participle "has traveled", it did not. The court must interpret SORNA's language using that language selected by Congress, and give those words their ordinary meanings. Thus, the court concludes, as did Judge Perry, that because the criminal act proscribed in § 2250 is "traveling and failing to register", § 2250 cannot be constitutionally applied to a gap situation because neither the travel nor the failure to register were crimes covered by § 2250 when defendant Howell traveled to Iowa and failed to register. *Id.* at *5; *see Stinson*, 507 F. Supp.2d at 568-69; *Patterson*, No. 8:07CR159, 2007 WL 3376732, at *2. As a consequence, the court concludes that defendant Howell's "'gap' situation presents a classic Ex Post Facto Clause violation." *Muzio*, No. 4:07CR179 CDP, 2007 WL 2159462 at *5.

Therefore, the court concludes that § 2250, as applied in this case to Count 1, violates the *Ex Post Facto* Clause of the United States Constitution. The prosecution's

objection to this portion of Judge Zoss's Amended Report and Recommendation is overruled. Accordingly, the court concludes that defendant Howell's motion to dismiss is granted as to Count 1 of the superseding indictment.

### III. CONCLUSION

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, **accepts in part and rejects in part** Judge Zoss's Amended Report and Recommendation and **denies** defendant Howell's motion to dismiss as to Count 2 of the superseding indictment but **grants** defendant Howell's motion to dismiss as to Count 1 of the superseding indictment.

**IT IS SO ORDERED.**

**DATED** this 1st day of February, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA